## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY  ISON-MACK**, individually and on behalf of all others similarly situated, | **)** **)** **)** | Case No. |
| Plaintiff, | **)** **)** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **)** **)** | **JURY DEMAND** |
| **COREWELL HEALTH** | **)** **)** | **ENDORSED HEREON** |
| Defendant. | **)** **)** | |

Named Plaintiff Kimberly Ison-Mack ("Named Plaintiff"), individually and on behalf of all others similarly situated, for her collective action Complaint against Defendant Corewell Health ("Defendant"), states and alleges as follows:

### INTRODUCTION

1. This case challenges certain policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Named Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

Page **1** of **10**

**PARTIES**

5.     Named Plaintiff Kimberly Ison-Mack is an adult individual residing in Allen Park, MI. Named Plaintiff's written Consent to Joint this Action is attached hereto as **Exhibit A**.

6.     Named Plaintiff was employed by Defendant as a non-exempt, hourly healthcare employee from approximately January 30, 2020, to approximately April 1, 2026. Specifically, Named Plaintiff was employed by Defendant as a Certified Surgical Technologist at Defendant's Dearborn facility located in Dearborn, Michigan.

7.     At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA.

8.     At all relevant times, Named Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

9.     Defendant Corewell Health is a Michigan non-profit corporation with its principal place of business at 100 Corewell Drive NW, Mail Code 6481, Grand Rapids, MI 49503. Defendant can be served through its Michigan registered statutory agent: David Leonard, 100 Corewell Drive NW, Mail Code 6481, Grand Rapids, MI 49503.

10.     At all relevant times, Defendants was an employer of Named Plaintiff and other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that has employees engaged in commerce or in the production of goods for commerce.

12.     Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### A. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked resulting in unpaid overtime.

13. Defendant provides hospital and healthcare services at over three hundred (300) ambulatory / outpatient locations and over twenty (20) hospital facilities in Michigan.[1]

14. Defendant employs hourly workers to provide various healthcare services.

15. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as hourly, non-exempt healthcare employees.

16. At all relevant times, Named Plaintiff and others similarly situated were required to wear sterile work clothing and/or PPE, including OR scrubs and disposable hair and shoe coverings.

17. At all relevant times, Named Plaintiff and others similarly situated were required to change into and out of their sterile work clothing in the locker room located at Defendant's facility.

18. Given the nature of Named Plaintiff's job, she and those similarly situated could not perform their jobs without the sterile work clothing that Defendant required to be donned and doffed at its facility.

19. At all relevant times, Named Plaintiff and others similarly situated were required to change into and out of their sterile work clothing either off-the-clock, i.e. prior to clocking in for their scheduled shift, and after clocking out of their scheduled shift, or after clocking in but prior to their scheduled shift start time, and before clocking out but after their scheduled shift end time.

---

[1] https://corewellhealth.org/about (last visited 5/1/26).

20. The time Named Plaintiff and other similarly situated employees spent per workday donning and doffing sterile work clothing was not *de minimis*. Each workday, Named Plaintiff and other similarly situated employees spent a substantial and measurable amount of time engaged in off-the-clock and/or pre- and post-shift donning and doffing activities.

21. Named Plaintiff and other similarly situated employees were not paid any amount for this off-the-clock and/or pre- and post-shift donning and doffing and such time was not counted as hours worked for purposes of calculating overtime.

22. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and other similarly situated employees. In fact, for those employees who donned their sterile work clothing after clocking in, but prior to their shift start time, and doffed their sterile work clothing before clocking out, but after their shift end time, such time was captured by Defendant's electronic time clock. Defendant, however, rounded those employees' clock in time to their shift start time, and rounded their clock out time to their shift end time, and paid those employees only from their scheduled shift start time to their scheduled shift end time.

23. At all relevant times, Named Plaintiff and those similarly situated employees regularly worked more than forty (40) hours per workweek for Defendant, including donning and doffing time. Accordingly, because Named Plaintiff and other similarly situated employees were not paid for their donning and doffing time, Named Plaintiff and others similarly situated were not paid all overtime hours worked.

24. As a result of Defendant's companywide policies and/or practices described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated hourly employees for all overtime pay that they actually earned.

25.    At all relevant times, Defendant was fully aware of the fact that it was legally required to pay for all working hours by the FLSA.

**Defendants' Recordkeeping Violations**

26.    The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

27.    For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

28.    Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

29.    However, because of Defendant's companywide practices described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employes.

30.    Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct

effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

31.     Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, and violated the FLSA's recordkeeping requirements.

### FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other similarly situated employees of the following opt-in collective:

> **All current and former hourly, non-exempt healthcare employees of Defendant, including temporary employees if applicable, who engaged in off-the-clock donning and doffing of sterile work clothing, and/or pre-shift and/or post-shift donning and doffing of sterile work clothing but were subject to Defendant's rounding policy, and who worked forty (40) or more hours in any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Collective Members").**

33.     Named Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

34.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

35.     Such persons as "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt healthcare employees, and all were subject to and injured by

Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded forty (40) in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

36. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) § 29 C.F.R. § 516.2.

**COUNT ONE**
**(FLSA Overtime Violations)**

37. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Named Plaintiff brings this claim for violations of the FLSA's overtime provision on behalf of herself and the FLSA Class Members who will join this case pursuant to 29 U.S.C. § 216(b).

39. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

40. Named Plaintiff and the FLSA Collective Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the FLSA Collective Members for off-the-clock donning and doffing of sterile work clothing, and/or failed to pay FLSA Collective Members for pre- and post-shift donning and doffing of sterile work clothing as a result of Defendant's rounding practices.

41.    Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

42.    At all relevant times, Named Plaintiff and the FLSA Collective Members regularly worked forty (40) or more hours per workweek for Defendant.

43.    Defendant's practice and policy of not paying Named Plaintiff and the FLSA Collective Members for work performed before and after their scheduled shifts, either because such work was performed off-the-clock, and/or as a result of Defendant's rounding practices, resulted in Defendant's failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

44.    At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

45.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

46.    The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

47.    As a direct and proximate result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime

compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Enter judgment against Defendant and in favor of Named Plaintiff and the FLSA Collective Members;

C. Award Named Plaintiff and the FLSA Collective Members actual damages for unpaid wages;

D. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

E. Award to Named Plaintiff and the FLSA Collective Members pre-judgment and post-judgment interests at the statutory rate;

F. Award Named Plaintiff and the FLSA Collective Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

G. Award to Named Plaintiff and the FLSA Collective Members any such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Named Plaintiff*

## **<u>JURY DEMAND</u>**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Named Plaintiff*